UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ABRAHAM DIAZ, et. al., <br> Plaintiffs, <br><br> vs. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et. al. <br> Defendants. | C. A. No. 12-166-M |

## ORDER

This matter is before the Court on Defendant Ablitt Schofield, P.C.'s ("Ablitt") Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6). (ECF No. 23.) The Amended Complaint ("Complaint") asserts allegations against various entities involved in issuing mortgages and filing mortgage foreclosures. (ECF No. 22.) At issue here is a claim against Ablitt, a law firm that was involved in the foreclosures of Plaintiffs' properties. It is sued singularly in its capacity as the attorney for one or more defendants. Ablitt has also filed a Motion for Sanctions, pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P., Rule 11.

### I. MOTION TO DISMISS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Upon review, the Court finds that the Complaint is absolutely void of any facts that would establish the law firm's liability as against these Plaintiffs.

Plaintiffs have sued Ablitt for violating the Rhode Island Uniform Commercial Code ("UCC"), R.I. Gen. Laws § 6A-3-602(a). That section provides:

> (a) Subject to subsection (b), an instrument is paid to the extent payment is made (i) by or on behalf of a party obliged to pay the instrument, and (ii) to a person entitled to enforce the instrument. To the extent of the payment, the obligation of the party obliged to pay the instrument is discharged even though payment is made with knowledge of a claim to the instrument under Section 6A-3-306 by another person.

It is not entirely clear from the allegations in the Amended Complaint, but it appears that Plaintiffs invoke this section against Ablitt to allege that Ablitt is liable for representing the foreclosing defendants because Plaintiffs did make their payments, making the foreclosures in violation of UCC, § 6A-3-602. As is apparent from a plain reading of this section, however, that § 6A-3-602 does not implicate the conduct of a law firm representing a foreclosing entity during the foreclosure process. The Court agrees with Magistrate Judge Almond conclusion in an identical case where he recommended that a prior lawsuit against this law firm be dismissed on the same grounds. He found that "Plaintiff's ... Complaint does not allege any facts plausibly suggesting the existence of any viable legal claims against Ablitt simply because it commenced foreclosure proceedings under the circumstances outlined in the ... Complaint." *Koolen v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 10-050S, 2010 WL 2926567, at *3 (D.R.I. June 29, 2010) (citing *Gagliardi v. Sullivan*, 513 F.3d 301, 305-06 (1st Cir. 2008)).

Moreover, there are no allegations in the Complaint that would plausibly establish that Ablitt Scofield owed a duty to the Plaintiffs. They did not represent the Plaintiffs and "[g]enerally, an attorney owes no duty to an adverse party." *Credit Union Central Falls v. Groff*, 966 A.2d 1262, 1270 (R.I. 2009). Additionally, the Court does not find that the Complaint contains any plausible allegations of fraud that would serve as basis for liability by a non-client against an attorney or law firm. *Nisenzon v. Sadowski*, 689 A.2d 1037, 1046 n. 12 (R.I. 1997).

Based on the forgoing, Defendant Ablitt Schofield, P.C.'s Motion to Dismiss (ECF No. 23) is GRANTED.

## II.   MOTION FOR SANCTIONS

Ablitt Schofield's Motion for Sanctions (ECF No. 36) is DENIED. While the Court has found that Plaintiffs' Complaint fails to state a claim upon which relief can be granted, the Court does not find that counsel's conduct merits sanctions under either § 1927 or Rule 11 and declines to award costs or attorney's fees.

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge
Dated:  June 6, 2012